**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **NATIVIDAD SILVA, JR., ID # 23368-077,** ) | |
|         **Plaintiff,** ) | |
| vs. ) | **No. 3:10-CV-0168-D-BH** |
| ) | |
| **BUREAU OF PRISONS, et al.,** ) | |
|         **Defendants.** ) | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order No. 3-251, this case has been referred for screening. Before the Court is Plaintiff's *Petition to Proceed In Forma Pauperis*, received January 28, 2010, (doc. 2). Based on the relevant filings and applicable law, the petition should be **DENIED**, and this case should be **DISMISSED** pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the requisite filing fee within the time set by the Court.

**I.  BACKGROUND**

Plaintiff, an inmate in a federal prison ("FCI Seagoville"), filed this action against several defendants for alleged failure to protect him from sexual harassment from active homosexual and/or sex offenders at that facility. He seeks to proceed *in forma pauperis* and claims that he is in imminent danger of physical bodily injury. Process has not been issued in this case.

**II.  THREE STRIKES**

As a prisoner seeking to proceed *in forma pauperis*, Plaintiff's action is subject to review under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915. One of the major changes promulgated by the PLRA is the "three-strikes" provision set forth in § 1915(g), which provides that inmates may not proceed without the prepayment of fees if they have previously brought three or more civil actions or appeals in federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless they are in imminent danger of

serious physical injury.

Plaintiff's current filing falls under the PLRA "three-strikes" provision because he has had at least three prisoner civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Silva v. Fed. Corr. Inst.*, No. 3:07-CV-1081-K, unpub. order and judgment (N.D. Tex. July 23, 2007) (denying *in forma pauperis* and dismissing case as barred by three-strikes provision of § 1915(g)). Consequently, he may not proceed with this action without the prepayment of fees under 28 U.S.C. § 1915(g) unless he shows that he is subject to imminent danger of serious physical injury. The Fifth Circuit has held that the plaintiff must show "imminent danger at the time that he seeks to file his suit." *Banos v. O'Guin*, 144 F.3d 883, 884-85 (5th Cir. 1998); *accord Choyce v. Dominguez*, 160 F.3d 1068, 1070 (5th Cir. 1998). Conclusory allegations are insufficient to carry that burden. *Smith v. Blount*, 258 Fed. App'x 630, 630 (5th Cir. 2007).

Here, Plaintiff provides no factual support for his conclusory allegations that he is in imminent danger. He contends that as a result of under-staffing, inadequate training and overcrowding of homosexuals and/or sex offenders, the Bureau of Prisons has created a dangerously sexual environment, and that he has tried to address this issue with prison officials for the past two years. He also complains about being placed in special housing in January 2009 pending an investigation of disciplinary action because he notified the Federal Bureau of Investigation about alleged sexual harassment, excessive homosexual activities, and a threat of prostitution. He moves for emergency evidentiary hearing based on his placement in segregation on January 25, 2010, pending investigation of alleged disciplinary violations. Based on all of Plaintiff's filings in this action, the Court finds that he has not shown that he is in imminent danger of serious physical injury.

At the time he filed this action, he was housed in segregation, and he remains there.  He has not provided any facts to show that he is imminent harm of bodily injury in his current housing.  Nor has he provided facts to show that he was in imminent danger while housed in the general prison population.

Because Plaintiff has not shown that he is in imminent danger, he may not proceed with this action without prepayment of fees under § 1915(g).  *See White v. City of Dallas*, No. 3:07-CV-0925-D, 2007 WL 1793561, at *3 (N.D. Tex. June 21, 2007) (adopting recommendation that *in forma pauperis* be denied and the case dismissed because of the three-strikes bar).

### III.  RECOMMENDATION

Plaintiff's *Petition to Proceed In Forma Pauperis*, received January 28, 2010, (doc. 2) should be **DENIED**, and this action should be summarily **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(g) unless Plaintiff pays the $350.00 filing fee prior to acceptance of this recommendation or before a deadline otherwise established by the District Court.

**SIGNED this 4th day of February, 2010.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*/s/ Irma Carrillo Ramirez*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE